IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

S.D. PHILLIP KOENIG, Register No. 1074699, )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )   No. 06-4289-CV-C-SOW
                                            )
DAVE DORMIRE,                               )
                                            )
                    Defendant.              )

## ORDER

On January 4, 2007, the United States Magistrate Judge recommended that plaintiff's requests for preliminary injunctive relief be denied and that plaintiff's claims be dismissed for failure to state a claim. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

A de novo review of the record, including the exceptions filed by plaintiff on January 22, 2007, convinces the court that the recommendations of the Magistrate Judge are correct and should be adopted. Plaintiff has named Dave Dormire as the only defendant, but has not alleged any facts showing the involvement of Dormire in the problems associated with plaintiff's mail. Plaintiff indicates he really wants a temporary restraining order issued to prevent mail tampering prior to his filing a habeas corpus petition. Plaintiff should file his petition for a writ of habeas corpus and should send to the court for filing only those documents which are required for processing of the case. He should keep a copy for his records. If plaintiff can show actual prejudice in any case because of intentional interference with his mail by prison officials, he may seek injunctive relief or damages against the responsible individuals through 42 U.S.C. § 1983. If he encounters further mail problems in his pending cases, he should bring the matter to the attention of the court in those cases.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is

considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On January 4, 2007, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $22.02.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $22.20 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full. It is further

ORDERED that the Report and Recommendation of January 4, 2007, is adopted. [24] It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted. It is further

ORDERED that plaintiff's requests for preliminary injunctive relief are denied. [12, 18, 19]

    /s/ Scott O. Wright

SCOTT O. WRIGHT
Senior United States District Judge

Dated: ____3/21/2007_____
Kansas City, Missouri